UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-185-RJC
(3:10-cr-238-RJC-14)

| | |
|---|---|
| GERREN EZEKEIL DARTY, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Response to Petitioner's Motion to Vacate, (Doc. No. 6), and on Petitioner's Reply, (Doc. No. 7). Also before the Court is Counsel Marcia Shein's Request to Continue to Represent Petitioner without Local Counsel, (Doc. No. 2).

**I.      BACKGROUND**

Petitioner Gerren Ezekeil Darty was part of a drug-trafficking organization responsible for transporting marijuana from California to the Western District of North Carolina. (Case No. 3:10-cr-238, Doc. No. 305 at 5: Presentence Investigation Report). The organization laundered the proceeds of the marijuana sales back to California by making large cash deposits in various bank accounts or by couriering the cash proceeds via commercial airline flights. (Id. at 5-6). On February 15, 2011, the Grand Jury for the Western District of North Carolina charged Petitioner,

along with thirteen codefendants, in a second superseding bill of indictment, alleging that, beginning in 2009, Petitioner conspired to possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and that he conspired to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Id., Doc. No. 96: Second Superseding Bill of Indictment).

On April 12, 2011, Petitioner entered into a written plea agreement in which he agreed to plead guilty to the drug conspiracy and money launder conspiracy charges. (Id., Doc. No. 147: Plea Agreement). In exchange for concessions made by the Government, Petitioner waived the right to contest his conviction or sentence in an appeal or post-conviction challenge, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 5). With respect to assistance, the plea agreement stated that Petitioner would provide truthful information about the charges or any other criminal activity if requested by the Government. (Id. at 6). The agreement further provided that "[t]he United States, in its sole discretion, will determine whether said assistance has been substantial" and that "[a]ny determination that the Defendant has failed to provide substantial assistance or has knowingly provided false information is within the sole discretion of the United States, and the Defendant waives all objections and rights of appeal or collateral attack of such a determination." (Id. at 7).

Consistent with the terms of his agreement, Petitioner pled guilty to the drug-conspiracy and money-laundering conspiracy charges at a plea hearing before this Court on February 21, 2012. (Id., Doc. No. 404: Transcript of Plea and Rule 11 Hearing). Petitioner affirmed that he was, in fact, guilty of the offenses alleged in the second superseding bill of indictment. (Id. at 8). When summarizing the plea agreement, the Assistant United States Attorney again explained that it was within the Government's sole discretion to determine whether Petitioner provided substantial

assistance or whether Petitioner was untruthful and that Petitioner waived the right to contest that determination. (Id. at 11). Following the summary, Petitioner acknowledged that he understood the terms of his agreement. (Id.). At the conclusion of the hearing, the magistrate judge found Petitioner's plea to be knowingly and voluntarily made and accepted it. (Id. at 14).

In preparation for sentencing, the probation officer prepared a presentence investigation report, calculating a guidelines range of 135 to 168 months in prison based on a total offense level of 33 and a criminal history category of I. (Id., Doc. No. 305 at 19). The Government filed a series of objections, including an objection to the failure to add two additional criminal history points under § 4A1.1(d) of the United States Sentencing Guidelines based on the fact that Petitioner committed his offense while serving a term of supervised release on another charge. (Id. at 23). Specifically, Petitioner was arrested on the federal drug conspiracy and money laundering conspiracy charges while serving a term of unsupervised probation for a 2009 North Carolina conviction for possession with intent to sell or deliver marijuana. (Id. at 16).

At sentencing, this Court considered the Government's objections to the presentence report. (Id., Doc. No. 405: Transcript of Sentencing Hearing). With respect to the objection under § 4A1.1(d), the Government contended that Petitioner should receive an additional, two criminal history points even though the Court found that the 2009 state-court conviction for which Petitioner was on probation at the time of his federal arrest was for conduct related to the instant offense. (Id. at 17). Defense counsel disagreed, contending that the two points should not apply because the conviction was related to the instant offense. (Id. at 17-18). This Court agreed with the Government, reasoning that the other subdivisions under § 4A1.1 use the term "prior sentences," which, by definition, exclude sentences imposed for conduct that is part of the instant offense, whereas § 4A1.1(d) uses the term "any criminal justice sentence," which contains no

3

such limitation. (Id. at 22).

Having concluded that Petitioner should receive two additional criminal history points under § 4A1.1(d), this Court ruled that Petitioner was not eligible for a two-level decrease in his total offense level because he did not meet the safety-valve requirement that he have no more than one criminal history point. (Id. at 28). The Government argued that Petitioner was also ineligible for the two-level reduction because he had failed to truthfully disclose all information and evidence concerning his offense, as required under the safety-valve provision. (Id. at 23-25). Relying on its ruling regarding the additional criminal history points, this Court calculated a guidelines range of 188 to 235 months in prison based on an offense level of 35 and a criminal history category of II. (Id. at 28-29).

Defense counsel argued for a sentence below the guidelines range. In support, defense counsel contended, among other things, that Petitioner had been truthful with the Government and had no incentive to lie, and that a sentence within the guidelines range would be unfair compared to the sentences his codefendants faced. (Id. at 35). During his allocution, Petitioner suggested that his involvement in the conspiracy concluded in January 2009. (Id. at 39). For its part, the Government requested a sentence at the low end of the guidelines range and provided examples, from Petitioner's own statements to investigators, of how Petitioner's involvement continued past January 2009. (Id. at 40-42). After hearing from the parties, this Court sentenced Petitioner to 188 months in prison, concluding that a sentence at the low end of the guidelines range was sufficient but not greater than necessary to accomplish the objectives of sentencing. (Id. at 43).

This Court entered its judgment November 23, 2011, and Petitioner filed a timely notice of appeal. (Id., Doc. No. 349: Judgment; Doc. No. 343, Notice of Appeal). Petitioner later

voluntarily dismissed his appeal, and the Court of Appeals issued its mandate on March 27, 2012. (Id., Doc. No. 430: Mandate). The judgment became final ninety days later when the period for seeking a writ of certiorari with the Supreme Court expired. Petitioner filed his § 2255 motion on March 21, 2013, alleging six claims of ineffective assistance of counsel at sentencing. On July 1, 2013, the Government filed a Response to the motion to vacate, and on July 8, 2013, Petitioner filed a Reply. (Doc. Nos. 6; 7).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant

relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

### 1. Ineffective Assistance of Counsel Based on Counsel's Failure to Object Properly to the Addition of two Criminal History Points under U.S.S.G. § 4A1.1(d)

Petitioner first contends that defense counsel rendered ineffective assistance by failing to properly contest this Court's conclusion that Petitioner should receive two criminal history points under § 4A.1.1(d) because he was on probation for his 2009 state-law conviction at the time of the instant offense. Section 4A1.1(d) states that a sentencing court should "[a]dd two points if

the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Petitioner contends that the application note to § 4A1.1(d) incorporates the definition for "prior sentences" contained in § 4A1.2, which limits the meaning of prior sentence to convictions for conduct not part of the instant offense. According to Petitioner, "it is clear" that convictions stemming from acts that constitute relevant conduct for purposes of the instant offense do not qualify as "any criminal justice sentence" for purposes of § 4A1.1(d). (Doc. No. 1 at 12).

Although Petitioner recognizes that defense counsel objected on these grounds at sentencing, he faults his attorney for failing to provide adequate support for the objection. In his motion, however, Petitioner relies on a case from the Ninth Circuit, United States v. Smith, 991 F.2d 1468 (9th Cir. 1993), to support his position. Petitioner has failed to point to any binding Fourth Circuit precedent to support an objection by counsel. As such, Petitioner is unable to show that the manner in which defense counsel argued the objection fell below an objective standard of reasonableness.[1] Here, defense counsel objected to the addition of criminal history points under § 4A1.1(d), raising substantively the same argument Petitioner raises now in his § 2255 motion. This Court ruled that, based on the plain language of the guidelines, the two points should apply. In his motion, Petitioner has failed to show that this Court's ruling was incorrect, let alone demonstrate that defense counsel was constitutionally ineffective by failing to cite clear, controlling precedent to the contrary. Accordingly, Petitioner's first ineffective assistance of

---

[1] Furthermore, as the Government notes, at issue in Smith was what qualified as part of the instant offense for purposes of the sentencing calculation—not what was properly considered "any criminal justice sentence" under § 4A1.1(d). Therefore, Smith does not directly apply to the issue presented in Petitioner's case.

7

counsel claim fails.

## 2. Ineffective Assistance of Counsel Based on Counsel's Failure to Challenge the Government's Determination that Petitioner Did Not Provide Truthful Information

Next, Petitioner raises three claims related to the Government's determination that he failed to provide truthful information regarding the charges for which he was convicted: (1) that defense counsel should have objected to the Government's credibility determination underlying its decision not to seek a downward departure based on substantial assistance under U.S.S.G. § 5K1.1, (2) that the Government failed to present evidence to support its credibility determination in violation of the Confrontation Clause, and (3) that the Government acted in bad faith by not submitting credibility conflicts between codefendants to the Court as a neutral arbiter.

Petitioner's claims are without merit. Petitioner's plea agreement clearly states that the determination as to whether Petitioner provided truthful information is in the sole discretion of the Government and that it is up to the Government to decide whether to move for a downward departure based on the assistance Petitioner provided. Aware of these provisions, Defendant elected to plead guilty and explicitly waived the right to challenge the Government's credibility determination. As such, Petitioner is not entitled to challenge those determinations in this § 2255 motion.

The Fourth Circuit has long held that "the Government retains the responsibility—and with it the discretion—to evaluate the defendant's truthful cooperation." United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000). Accordingly, when "a plea agreement contemplates that the Government will make a § 5K1.1 motion if the defendant provides truthful cooperation, the Government remains the appropriate party to assess whether the defendant has performed that

condition adequately." Id.  There is simply no support for Petitioner's claim that the Court should have decided whether his cooperation was truthful.  The only limitation on the Government's exercise of its "expansive" discretion is whether the evaluation was in bad faith or based on an unconstitutional motive.  See United States v. Huang, 178 F.3d 184, 188-89 (3d Cir. 1999).  Petitioner's claim that the Government improperly credited one coconspirator's version of events over Petitioner's simply does not rise to the level of bad faith.  Accordingly, Petitioner's claims related to the Government's exercise of its discretion are without merit.

### 3. Ineffective Assistance of Counsel Based on Counsel's Failure to Argue for a Variance Based on the Truthfulness of Petitioner's Assistance and the Need to Avoid Unwarranted Sentencing Disparities

Next, although Petitioner acknowledges that defense counsel argued for a variance from the guidelines range, Petitioner contends that defense counsel provided ineffective assistance by failing to include arguments related to his truthfulness to law enforcement and the need to avoided disparities between his sentence and the sentences received by his codefendants.  Contrary to Petitioner's contention, defense counsel included such arguments in support of his argument for a variance.  Specifically, defense counsel countered the Government's credibility determination, arguing that Petitioner had every incentive to be truthful during his debriefing and that he would not lie to protect his codefendants.  See (Case No. 3:10-cr-238, Doc. No. 405 at 34-35).  With respect to sentencing disparities, defense counsel contended as follows:

> I think when you look at Mr. Darty, and you look at his role, when you compare that to all of the other individuals that will likely, ultimately, be before this court. It's not going to be fair to comparatively [sic] if this fellow ends up with 188 months or more, where other people are gonna end up with three years, five years, in time of that nature.

(Id. at 35).  Because defense counsel raised the very arguments that Petitioner contends that

9

counsel omitted, Petitioner's claim fails as a matter of law.

Finally, the Court notes that, in his Reply, Petitioner contends that the Government did not address in its Response brief Petitioner's claim regarding a petitioner's Sixth Amendment Right to Confrontation where the Government has refused to recommend a 5K1.1 reduction for substantial assistance due to another co-defendant's out-of-court statement. According to Petitioner, the Government's discretion under the plea agreement did not "eliminate the right to confront a witness that has deprived a defendant of an agreement that is based on due process protections" and that "here the government did not state any basis to believe the co-defendant over Petitioner or put any information on the record to support their position in denying Petitioner consideration pursuant to U.S.S.G. 5K1.1." (Doc. No. 7 at 6). Petitioner also contends that "the government has also failed to respond to Petitioner's issues related to counsel's ineffective assistance in failing to argue for a variance due to unwarranted co-defendant disparity." (Id. at 6).

The contentions made in Petitioner's Reply are without merit. Here, as noted, the Government did address Petitioner's confrontation argument in its Response brief. Furthermore, as to an alleged sentence disparity, the Government did point out in its Response brief that counsel raised a sentencing disparity argument at Petitioner's sentencing hearing.

### IV. CONCLUSION

For the reasons stated herein, the Court will deny and dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Counsel Marcia Shein's Request to Continue to Represent Petitioner without Local Counsel, (Doc. No. 2), is **GRANTED**.

10

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: December 8, 2015

Robert J. Conrad, Jr.
United States District Judge